I concur in the opinion prepared by Mr. Justice Barns and agree that the quoted provision of Section 6, Chapter 17276, Laws of 1935, is self-executing. *Page 90 
I lay no claim to being a grammarian, nor have I been accused of possessing the tendencies or qualifications of a philologist. However, my recollection of the smattering of rules of grammatical construction which I absorbed in the yesteryears dictates a different conclusion from the one reached by some of my esteemed associates concerning the proper interpretation to be given the language of Section 6, Chapter 17276, Laws of Florida, 1935.
It is my view that the majority opinion fails to give due consideration to the verbiage "* * * said permits and licensesbe and the same shall be cancelled and annulled." (Italics supplied.) The intransitive verb "be" in the sense in which it is used is in the indicative present tense, third person plural. This form of said verb is no longer commonly used but it has been retained and is frequently found in legislative enactments as well as in orders, judgments and decrees of courts of law and equity. It means that such licenses and permits are hereby, now, presently, canceled and annulled and that such action shall become conclusively effective upon a condition subsequent, i.e. the event of non-operation for a period of twelve months from the passage of said act. In other words, the language "and the same shall be cancelled and annulled" means that such cancellation already legislatively declared shall become operative by application of the act itself when any holder of a permit or license "shall not conduct a racing meet within twelve months from the passage" of said law. It does not mean that such license or permit shall be cancelled and annulled or revoked by order of the Commission as is expressly provided in preceding sections. The use of the conjunctive (and) rather than the disjunctive (or) is likewise significant.
The question presented in and by this appeal does not turn entirely upon the grammatical construction of the substantive defective verb "be" and the admittedly future tense phrase formed by its conjunction with the verb "shall". The primary question involved as to whether Section 6, supra, is self-executing hinges likewise upon a well recognized principle of legal construction. The principle of which I speak is one to the effect that when in an act of the Legislature express direction is given or authority is delegated to any agency in one or more sections of such enactment to do specific acts under certain conditions, the failure to include such direction or authority in another section which deals with the same or a similar subject is the equivalent of a direct exercise — not a delegation of — such power or authority.
The deliberate inclusion of direction or authority in some sections of an act and the equally deliberate exclusion thereof from another does not permit the presumption that the legislature intended to do that which it obviously refrained from doing. On the contrary, the presumption is, and should be, that it meant what it said and that its action (in omitting a delegation of power and directly exercising said power) was intentional — not fortuitous. It was held in the case of Solomon Wine v. Com. of Massachusetts, 301 Mass. 451, 17 N.E.2d 545, 548, 120 A.L.R. 889, as follows:
"Where language is used in one section different from that employed in other sections of the same chapter * * * it is to be presumed that the language is used with a different intent."
In 50 Am.Jur., Sec. 274, page 262, will be found the following:
"The use by the legislature of certain language in one instance and wholly different language in the other indicates that different results were intended and the courts have so presumed. Under this rule, where language is used in one section of the statute different from that used in other sections of the same chapter it is to be presumed that the language is used with a different intent. Accordingly, the presence of a provision in one section of a statute and its absence from another are an argument against reading it as implied by the section from which it is omitted." See also Atchison, Topeka Santa Fe R R. Co. v. United States, 220 U.S. 37, 31 S.Ct. 362, 55 L.Ed. 361; 25 R.C.L. Sec. 248, page 1009. *Page 91 
It is my considered opinion that it makes little practical difference what our conclusion may be in the instant case for if Section 6 of Chapter 17276, Laws of Florida, 1935, is not self-executing then it certainly prescribed a continuing duty upon the Florida Racing Commission to cancel and annul licenses and permits which were issued prior to January 1, 1935, and under which no racing meets were held during the twelve months period succeeding the passage of said Section 6. This duty would still subsist and the only defense to its performance would be a showing as a matter of fact that at least one racing meet was held within the twelve months period following the passage of said provision.
BARNS, J., concurs.